# In the United States Court of Federal Claims

MARIA DELORES NAVARRO MARTIN,

    *Plaintiff*,

v.

ELIZABETH DUDEK, et al.,

    *Defendants*.

No. 25-1675
(Filed: December 15, 2025)

**ORDER**

    Plaintiff Maria Dolores Navarro Martin, who is detained at the Broward Transitional Center in Pompano Beach, Florida, filed this pro se action on October 7, 2025. Compl., ECF No. 1. She also filed a Motion to Proceed *in formal pauperis* ("IFP"), a Motion to Take Judicial Notice, a Motion to Compel Discovery, and a Motion for Authorization for Service of Summons. ECF Nos. 2, 3, 4, & 5. Ms. Navarro Martin alleges that officials of the Florida Agency for Health Care Administration and the Florida Medicaid Fraud Control Unit wrongfully suspended Medicaid payments to her business, unlawfully seized her property, and violated her constitutional due process rights. Compl. at 1–4, 13–15.

    On November 19, 2025, the Court denied Plaintiff's IFP Motion for failing to comply with 28 U.S.C. § 1915(a)(2), which requires prisoners seeking to proceed without payment to submit a certified copy of their trust fund account statement. Order Denying IFP Motion at 2, ECF No. 8. The Court also explained that it lacks jurisdiction over this case, in part because the United States is not named as a defendant. *Id*. at 1–2. If Plaintiff nevertheless still intended to pursue her claims in this Court, she was ordered to pay the filing fee by December 12, 2025, or else this case would be dismissed for failure to comply with Court rules pursuant to Rule 41(b) of the U.S. Court of Federal Claims. *Id*. at 2.

    Plaintiff has not yet paid the filing fee. Instead, on December 4, 2025, Plaintiff filed a Motion for Reconsideration of the IFP denial, attaching a "Certificate of Indigency" from the Florida Division of Administrative Hearings. Mot. for Recons. at 1, 11, ECF No. 10. However, Plaintiff has still not provided the required trust fund account statement or institutional equivalent from Broward Transitional Center. As the Court previously explained, this is not a formality. Even when incarcerated plaintiffs obtain permission to proceed IFP, 28 U.S.C. § 1915 requires federal courts to collect the full filing fee through partial payments from the plaintiff's trust account. 28 U.S.C. § 1915(b)(1).

    Therefore, Plaintiff's Motion for Reconsideration is **DENIED**. ECF No. 10. This case is **DISMISSED without prejudice** pursuant to Rule 41(b). Plaintiff's Motion to Take Judicial Notice, Motion to Compel Discovery, and Motion for Authorization for Service of Summons are found **MOOT**. ECF Nos. 3, 4, & 5. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

                                           <u>s/ Carolyn N. Lerner</u>
                                           CAROLYN N. LERNER
                                           Judge