# In the United States Court of Federal Claims

MARIA DOLORES NAVARRO MARTIN,

    *Plaintiff*,

v.

ELIZABETH DUDEK, et al.,

    *Defendants*.

No. 25-1675
(Filed: December 18, 2025)

**ORDER**

    On October 7, 2025, Plaintiff Maria Dolores Navarro Martin, who is incarcerated at the Broward Transitional Center in Pompano Beach, Florida, filed her complaint pro se against multiple officials of the Florida Agency for Healthcare Administration ("AHCA"). Compl. at 1, ECF No. 1. Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis ("IFP Motion"), a Motion to Take Judicial Notice, a Motion to Compel Discovery, and a Motion for Authorization for Service of Summons. ECF Nos. 2, 3, 4, & 5.

    Ms. Navarro Martin states she "brings this action against State Officials to redress violations of her constitutional rights under 43 U.S.C. § 1983 [sic], and to hold Defendants in their official capacity . . . accountable for State Torts including conversion, trespass to chattels, abuse of process, spoliation of evidence, breach of contract, and civil rights violations." *Id*. Plaintiff was the owner of Angels Creative Children's Therapy LLC ("ACCT"), which provided services to developmentally disabled minors. *Id*. at 5. She alleges AHCA wrongfully denied ACCT over $1,447,233.55 of Medicaid funding after determining its employees were not properly qualified. *Id*. ACCT requested an administrative hearing but was denied, which Plaintiff states violated her due process rights. *Id*.

    The Medicaid Fraud Control Unit of the Florida Attorney General's Office opened a criminal investigation into Ms. Navarro Martin. *Id*. at 6. She alleges various unlawful actions by AHCA officials in their cooperation with the investigation. *Id*. at 13–35. In 2019, Plaintiff was convicted of witness tampering in that investigation and sentenced to seven years imprisonment. Sentence, *Florida v. Navarro Martin*, No. 2017-CF-010498-A-O (Fla. Orange County Ct. Sep. 20, 2019).

    On November 19, 2025, the Court denied Plaintiff's IFP Motion and ordered her to pay the filing fee by December 12, 2025. Order Denying Mot. for Leave to Proceed IFP ("Order") at 2, ECF No. 8. The Order explained that even if Ms. Navarro Martin paid the fee, the case would be dismissed for lack of jurisdiction, both because this Court cannot hear claims against state officials and because her claims do not arise from a money-mandating source of law. *Id*. at 1–2. Plaintiff filed a Motion for Reconsideration on December 4, 2025. ECF No. 10.

On December 15, having not received the filing fee, the Court issued an opinion denying the Motion for Reconsideration and dismissing the case for a failure to prosecute under Rule 41(b) of the Court of Federal Claims ("RCFC"). Op. Dismissing Case at 1, ECF No. 11. However, the next day the Court received the filing fee in the mail, with a postmark date indicating it had been mailed two days before the deadline. Order Vacating Op. at 1, ECF No. 12. Because filings by incarcerated pro se plaintiffs are effective the date they are handed to prison authorities, the Court vacated its prior dismissal for failure to pay. *Id.* (citing *Sharpe v. United States*, 111 Fed. Cl. 334, 336–37 (2013)).

Nonetheless, as explained in the November 19, 2025 Order, Ms. Navarro Martin's claims must be dismissed for lack of jurisdiction. If the Court "determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." RCFC 12(h)(3). The Tucker Act, 28 U.S.C. § 1491 *et seq.*, only gives this Court authority to hear monetary claims against the United States founded on the Constitution, federal statutes and regulations, or federal contracts. *United States v. Testan*, 424 U.S. 392, 397–98 (1976). This Court has no jurisdiction over state officials or state agencies. *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015) (citation omitted). Plaintiff does not name the United States as a defendant, nor does she allege a claim against the United States in the body of her Complaint. *See generally* Compl.

The November 19, 2025 Order also explained that the Court cannot hear Plaintiff's claims because they do not arise from a source of law requiring monetary compensation by the United States. Order at 1–2 (citations omitted) (explaining that the Court cannot hear claims alleging violations of the Administrative Procedure Act, deprivation of civil liberties under 42 U.S.C. § 1983, torts, Fourth Amendment violations, or due process violations under the Fifth or Fourteenth Amendment).

Because the Court lacks subject matter jurisdiction, this case is **DISMISSED without prejudice** pursuant to RCFC 12(h)(3). All pending motions are found **MOOT**. No costs are awarded. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge